IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN ADDISON, *et al.,*

    Plaintiff,

v.

BRISTOL-MYERS SQUIBB COMPANY, a corporation, McKESSON CORPORATION, a corporation,

    Defendants.

No. C 13-02166 WHA

**ORDER GRANTING MOTION TO STAY AND VACATING HEARING**

## INTRODUCTION

In this pharmaceutical products-liability action, defendant moves to stay proceedings pending a possible transfer to a MDL. For the reasons stated below, defendant's motion to stay is **GRANTED**. The hearing on **JULY 11, 2013**, is **VACATED**.

## STATEMENT

Plaintiff filed a complaint in the Superior Court of the State of California for the County of San Francisco in May 2013 for alleged injuries from the ingestion of a prescription drug. Plaintiff sued defendant Bristol-Myers Squibb Co. (a New Jersey corporation) and McKesson Corp. (a California-based pharmaceutical distributor). Defendant Bristol-Meyers Squibb removed the action to federal court on fraudulent joinder grounds and now moves to stay this action pending a conditional transfer to the Plavix® MDL in the United States District Court for the District of New Jersey. Plaintiff then filed a motion to remand, arguing that this Court should first consider the merits of its motion before entertaining any stay of these proceedings.

## ANALYSIS

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings. In support of his argument, plaintiff cites to several non-binding decisions, including decisions from judges in this district. Plaintiff essentially argues that it has already been established that there is no federal subject-matter jurisdiction in this case and that granting the motion to stay would therefore be an inappropriate exercise of jurisdiction. *See Caouette v. Bristol-Meyers Squibb Co.*, No. 12-1816, 2012 WL 3283858 (N.D. Cal. Aug. 10, 2012) (Judge Edward Chen) (granting motion to remand under similar circumstances). At the time of that order, however, Plavix® cases had not yet been transferred to the MDL. Thus, there was no conflicting motion to stay, as there is in this case. Indeed, both the undersigned judge and Judge Chen have since ordered a stay of proceedings in identical cases. *Guinn v. Bristol-Meyers Squibb Co.*, No. 13-1487, 2013 WL 1964937 (N.D. Cal. May 10, 2013)*; Kinney v. Bristol-Meyers Squibb Co.*, No. 12-4477 (N.D. Cal. April 12, 2013) (Judge Edward Chen).

One of the bases for defendant's removal of this action from state court is the alleged fraudulent joinder of McKesson — it argues that claims against McKesson are preempted by federal law and are only included to defeat diversity. This jurisdictional issue will likely be raised in every other action involving McKesson at the MDL. For efficiency and consistency, that issue should be decided by the MDL. In fact, "courts in the Northern District . . . have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay." *Freitas v. McKesson Corp.*, No. 11-5967, 2012 WL 161211 at *2 (N.D. Cal. Jan. 10, 2012) (Judge James Ware).

Plaintiff will not be prejudiced by this brief stay pending the MDL's determination to transfer. If transferred, the MDL can efficiently deal with jurisdictional issues such as fraudulent joinder; if not, then this Court can.

## CONCLUSION

For the reasons stated above, the instant action will be stayed, pending transfer to the MDL. Defendant's motion is **GRANTED**. The hearing on **JULY 11, 2013**, is **VACATED**.

2

The case management conference is **CONTINUED** to **DECEMBER 19, 2013, AT 11:00 A.M.** Please file a joint case management statement at least seven days prior.

**IT IS SO ORDERED.**

Dated: June 21, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE